Blackford, J.
A scire facias was issued by a justice of the peace of Decatur county in favour of Tousey. It states that on, &c., the plaintiff obtained a judgment before a certain justice of the peace of Dearborn county against the defendant, &c., as by the transcript, &c., appears; and that the judgment was unsatisfied. It then requires the defendant to show cause why execution should not issue, &c. Pleas before the justice, 1, No such transcript; 2, The judgment is void. The justice gave judgment for the plaintiff, and the defendant appealed to the Circuit Court.
It appears by the transcript of the record of the Circuit Court, that the parties submitted the cause to the Court, and that the following judgment was rendered: “ Now come the parties, by their attorneys, and the Court being advised, &c., consider that the said plaintiff have execution against the goods -and chattels, lands and tenements, for the sum of $75.83,” &c.
This is not a judgment against Robinson, the plaintiff in error, nor against any other person. If, however, there had been a judgment against Robinson, it must have been affirmed. The transcript of the Circuit Court record shows nothing but the scire facias, the jileas, the submission of the cause to the *274 Court, and the judgment; and in these proceedings there is nothing of which Robinson can complain.
Q. H. Dunn, for the plaintiff.
J. Ryman, and P. L. S'pooner, for the defendant.
It is contended, that the -scire facias does not correctly describe the judgment upon which it is founded. But the transcript of that judgment is no part of the record before us, and, of course, we can not notice it. There is, to be sure, the transcript of a justice’s judgment copied into the record, but that amounts to nothing. To have enabled Robinson to avail himself of the alleged variance, he should have had a bill of exceptions showing that .the justice’s transcript in question ;ras offered in evidence by the plaintiff, that it was objected to, and the objection overruled. Had there been such a bill of exceptions, and a judgment against the plaintiff in error, the question respecting the variance would have been before us. But as the case stands, the writ of error *must be dismissed, there being no judgment upon which it could be issued.
Per Curiam.—The writ of error is dismissed with costs.